UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


**MARIO ALBERTO MONTIJA-CLAVIJO** :      **DOCKET NO. 16-cv-551**
**B.O.P. # 84076-004**                             **SECTION P**

**VERSUS**                               :      **JUDGE MINALDI**


**REBECCA CLAY**                   :      **MAGISTRATE JUDGE KAY**


<u>**REPORT AND RECOMMENDATION**</u>


Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Mario Alberto Montoya-Clavijo ("Montoya-Clavijo"). Montoya-Clavijo is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

On February 8, 2012, Montoya-Clavijo pleaded guilty in the Southern District of Florida to: (1) conspiracy to possess with the intent to distribute cocaine and (2) conspiracy to import cocaine. *U.S.A. v. Montoya-Clavijo*, No. 1:11-cr-20809 (S.D. Fla.), doc. 59. On April 23, 2012, he was sentenced to 135 months imprisonment and five years' supervised release on each count, to run concurrently. *Id.* at doc. 95. He did not appeal. Doc. 1, att. 1, p. 1. On March 31, 2015, Montoya-Clavijo filed a motion to reduce his sentence in trial court. *Montoya-Clavijo*, 1:11-cr-20809, doc. 158. The motion was denied on May 17, 2016. *Id.* at doc. 164.

Montoya-Clavijo filed the instant § 2241 *habeas* petition claiming that the revised presentence report adopted by the court at his sentencing is incorrect. In support he states that the "specific offense characteristics" should have been lower and that the 21 U.S.C. § 5C1.2(a) guidelines were not followed. Doc. 1, p. 5. He claims that his attorney was ineffective as he "failed to see the miscalculations in the sentencing phase and failed to object to them." Doc. 1, att. 1, pp. 13–14. He also contends that he should benefit from a 2014 amendment to the Drug Quantity Table, U.S.S.G. § 2D1.1(c)(1), which raised the quantities subject to base offense levels of 38, and argues that his sentence should be reduced accordingly. *Id.* at 7–8. Finally, he contends that the BOP failed to give him credit for nine days of incarceration from November 10, 2011 through November 19, 2011. *Id.* at 8. Montoya-Clavijo asks the court to enter a new sentence "in line with what the original court had ordered before, without regards to the miscalculations." *Id.* at 17.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Montoya-Clavijo collaterally attacks his incarceration, arguing errors with regard to his federal conviction, and his chief claims challenge the sentence imposed rather than the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* at 830.

Montoya-Clavijo does not satisfy either of the criteria set forth above. He has pointed to no retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised in a previous motion to vacate.

Finally, Montoya-Clavijo's claim that he is due nine days of sentence credit for time spent in BOP custody is properly brought pursuant to 28 U.S.C. § 2241. However, he must first exhaust the administrative remedies provided by the Bureau of Prisons before he can seek relief in this court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990). Neither his allegations nor the documentation produced herein support a finding that he exhausted available administrative remedies through the Bureau of Prisons, and there is nothing in his pleadings to support an exception to the exhaustion requirement. *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985) ("Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action."); *DCP*

*Farms v. Yeutter*, 957 F.2d 1183, 1188 (5th Cir. 1992) (exceptions to the exhaustion requirement apply only in "extraordinary circumstances").

## III.
### CONCLUSION

Montoya-Clavijo's allegations are insufficient to invoke the savings clause. Accordingly, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider them under § 2255. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

**IT IS THEREFORE RECOMMENDED** that the claims in the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 which challenge the imposed sentence be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

**IT IS ALSO RECOMMENDED** that the claim in the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 which seeks credit for time served be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 29 July 2016.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE